No. 26130

James B. Junglen, d/b/a South Suburban Electric Co., a/k/a
South Suburban Electric, Inc. v. Board of Review, Regional
Building Department, El Paso County, Colorado, Walter L.
Burgess, Chairman of the Board of Review, John E. Buntz, G.
E. Johnson and Van Howells, as Members of the Board of
Review

(518 P.2d 826)

Decided January 28, 1974.

60

Gibson, Gerdes & Campbell, Paul J. Gerdes, for plaintiff-appellant.

Strand, Holst and Hilbert, Otto K. Hilbert, for defendants-appellees.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellant Junglen is an electrical contractor and has a license from the City of Colorado Springs to engage in this business. The Board of Review for the Building Department of Colorado Springs suspended his license for a violation of the Colorado Springs building code, the relevant sections of which are set forth as follows:

"*Section 404.* License Revocation or Suspension. (A) The Building Official may . . . require any contractor to appear

before the Regional Board of Review for hearing . . . and the Board shall have the power to . . . suspend . . . a license if the holder is found guilty of or commits any one or more of the following acts or omissions:

\* \* \*

"(d) Wilful and deliberate disregard and violation of *any* of the codes of the City of Colorado Springs or El Paso County . . . .

"*Section 407.* Mechanics must have on their person the current license when they are working. *Any licensed mechanic* may have one unlicensed helper to assist him in his work, however, the helper must work in the presence and under the immediate supervision of said licensee." (Emphasis added.)

After a hearing, the board of review found that appellant Junglen had violated Section 407 by permitting an unlicensed helper to assist him in his electrical work without being in the presence and under the immediate supervision of a licensed electrician. At the time of the alleged violation, Junglen was temporarily absent from the job site. Under the authority granted by Section 404, above cited, the board of review ordered that Junglen's contractor's license be suspended for 60 days.

Pursuant to C.R.C.P. 106, appellant Junglen brought an action in the trial court seeking to set aside the order of suspension entered by the board of review. In his complaint filed in the trial court he alleged, among other things, that the sections of the building code under which he was suspended are unconstitutional, and are therefore invalid.

■ The trial court affirmed the action of the board of review and from this judgment, appellant Junglen appeals to this court. We reverse the judgment of the trial court because, in our view, Section 404(A)(d) and Section 407 of the building code under which the appellant was suspended are overbroad and so vague, ambiguous, and indefinite as ·to amount to an unconstitutional delegation of legislative power.

■ A regulatory or prohibitory ordinance must be clear, definite and certain so that an average person who may be ,

subject to its provisions will be able to understand and ascertain whether he will incur a penalty for particular acts or courses of conduct. Section 404(A)(d) and Section 407 fail to meet this generally recognized requirement. Each section leaves to the whim or discretion of the review board the matter of determining what it prohibits. Such broad discretion may not be delegated to an administrative board. *Prouty v. Heron*, 127 Colo. 168, 255 P.2d 755 (1953).

■ Appellant Junglen maintains that Section 404(A)(d) is overbroad and therefore unconstitutional because it would allow suspension of an electrician's license for a violation of *any* of the codes of the City of Colorado Springs or El Paso County. He contends, and we believe rightfully so, that certainly the city council in adopting this provision did not intend that a minor violation of the traffic code would be a basis for suspending an electrician's license. Nevertheless, in its enforcement, the board of review has the apparent power to charge as a basis for suspension any one of a vast assortment of city or county code violations. Such broad discretion delegated by this provision renders it invalid.

■ The term "any licensed mechanic" in Section 407 is subject to a variety of meanings and in our view, this renders it unconstitutionally vague. Does it mean licensed in Colorado Springs in accordance with the requirements of other sections of its building code, or, does it mean licensed under state law, or under the building code of any other city or county in Colorado? Such questions lead to the inevitable conclusion that this section is vague.

■ Based upon the foregoing discussion, we hold that Section 404(A)(d) and Section 407 of the building code are unconstitutional. These provisions are severable and therefore the other provisions of the code to which they relate or are a part of remain in effect.

The judgment of the trial court is reversed and this cause is remanded for the entry of a judgment vacating the suspension of appellant Junglen's license.

MR. JUSTICE ERICKSON does not participate.